The next matter, No. 23-1288 and No. 23-1333, Paolo Trindade v. Grove Services, Incorporated, et al. At this time, would counsel for the Appellants Cross-Affiliates, Grove Services, Inc. et al. please introduce himself on the record to begin. May it please the Court. Good morning. My name is Erwin Schwartz. I'm counsel for Grove Services, Inc. and for Victor Spivak. I want to apologize for being late to the calendar call this morning. Got in traffic. I also would like to reserve three minutes for rebuttal. You may have three minutes. And I'd also like to notify the Court that we are not pursuing Issue No. 3 in our original brief that related to the Reuter case. We decided, following the receipt of opposing counsel's brief, that it was unnecessary. And, in fact, this Court's recent decision in Glauber tells me that it probably was wrong. So I apologize if that unduly burdened the Court. I propose to address just two issues here, Your Honors. First, the statute of limitations and the relation-backed principles that would apply to this case. And, second, the burden of proof that we believe should have been applied in determining what commissions, if any, were due under the Wage Act for the 2016 time frame. Your Honor, we think the statute of limitations and relation-backed principles part is pretty simple. For relation-backed, the new claim must arise out of the same conduct, transaction, or occurrence as the original claim. And that's the same standard in both the Federal rules and the Mass rules. We also know from this Court's decision in Ellicott that every Wage Act violation is a separate claim. And that was relying on the Crocker case out of the SJC. And then we also know that the original complaint did not allege any violation of the Wage Act for 2016 payable in 2017 or any other year other than 2015. And this is true even though the plaintiff knew that Grove had been late in paying commissions historically. So we know as well that the statute of limitations for the Wage Act claim was three years plus five days, which was the delay between when the notice was submitted to the Attorney General's office and when the right-to-sue letter was issued, making the statute of limitations deadline for the 2016 claim March 6, 2020. Counsel, may I ask you, the same conduct, transaction, occurrence test, we need to look at how Massachusetts has interpreted that test, right? Because it's Massachusetts law that's going to govern that determination here. Well, Your Honor, I have to tell you the truth. It's not clear to me that you do. And I'm thinking about the discussion in the Morrell case in which that had to do with what was termed as the one-way ratchet. But in Morrell, the discussion was whether the federal standard applied or the Puerto Rican standard applied, which was a more restrictive standard. And the court ruled that the federal standard applied because of the one-way ratchet. Right, but if the one-way ratchet doesn't work here, so in other words, if there's no indication that Massachusetts law is more restrictive than federal law, the rule itself says we apply the law of the state that supplies the statute of limitations, right? I'm not sure which rule you're talking about. You're talking about Rule 15 of the federal rules? Yeah. I believe what it says is that unless a statutory rule applies otherwise, I can look at the actual language, the court will use the federal standard. And I mentioned Morrell, and I also mentioned there was a more recent case, the name escapes me, where the court revisited the question of whether in a diversity case which standard applies. But I think, Your Honor, that there is no difference between the two standards. Let me then just go ahead and ask you about the substance. Isn't there a case law that does say that when you have claims arising out of the same contract, about the same employment relationship between the same parties, that that can be considered all to be about the same transaction? Well, Your Honor, I didn't find those cases if you're talking about later filed time periods, right? So this is a case that arose out of 2015. There's no doubt it was the same contract, and there's no doubt it was the same parties, but it's a separate violation of the Wage Act that was alleged for 2016's wages. And while I looked hard for that case, Your Honor, I would note that Wright and Miller actually has a discussion about when the conduct transaction occurrence test would apply and says that each separate violation of a statute, unfortunately none of the cases cited are First Circuit cases, but each separate violation of the same statute, even if it's the same statute by the same parties, is a separate claim and has to be evaluated separately. So are you arguing then perhaps that even if it were true for the breach of contract claim, because there was a breach of contract claim here, it's not true for the statutory violations under the Wage Act, that those are just treated? That's right, and Your Honor, there's no statute of limitations issue on the breach of contract claim. Right, right. Right, so, but I would say that we could not find any case, and opposing counsel didn't cite one, that actually says that there's a different standard in interpreting that language, the conduct transaction or occurrence language under either Massachusetts rules or federal rules. It's almost the exact same language. It's slightly different preference, and one says set forth and one says set out, I believe. Counsel, if I may, I understand our standard of review is abuse of discretion, whether this is state law or federal law, and I appreciate your concession that state law and federal law about relation back is essentially the same here. So here's what the district court said about the 2016 Wage Act claim. She said, it's indisputable that plaintiff's initial pleading provided defendants with adequate notice of potential new claims as the defendant's wage and commission payment practices were the entire subject of the first complaint. Defendants suggested that the 2016 claim must be denied because plaintiff did not file a second complaint with the AGO after amending his complaint, but do not provide any authority. Plaintiff's AGO complaint for general unpaid wages during his employment with Grove adequately satisfied the purpose of the requirement, namely notifying the AGO of alleged violations prior to suit, and then cites a Massachusetts 2013 case. How can an appellate court possibly find this was an abuse of discretion after trial? Yes, Your Honor, because the trial court did not address what was our principal argument, which was that the amended complaint was barred by the statute of limitations and did not relate back. And I would also... I'm sorry, she said that was what she was addressing. And you have just said you have not found, I take it a Massachusetts case that says it doesn't matter if it's all under the same contract and it doesn't matter if you've been put on notice that an employee has a wage an hour complaint as to a particular year, that that puts you on adequate notice. You have not said as a matter of statutory interpretation of the Wage Act, there cannot be a district court abuses its discretion in finding relation back under these circumstances. What's the case law in support of that proposition? The case law, Your Honor, is the Ellicott case, which says that each and every violation of the Wage Act is a separate violation. That may be, but why in these circumstances where the district court has made findings that, in fact, given the practices of the employer, the plaintiff wouldn't have known about this until later and that you were generally put on notice, how can we say that's an abuse of discretion? Your Honor, the answer is that the standard we believe is a de novo standard and that's because it requests that the court compare the complaint for 2015 with the complaint for 2016, akin to if you were doing a motion to dismiss and looking at the pleadings and the two claims. In fact, the court did not make any findings that found the notice, let me try it a different way, the notice that the court found was that the 2015 case, which related to a 2015 Wage Act case, somehow automatically gave Grove notice as to a potential 2016 claim that was not filed. And let me just suggest that what that's saying is that when you file a complaint as to a particular year under the Wage Act, that then holds statute of limitations for all subsequent years and that the plaintiff might then in turn. Now, as Judge Rickleman has pointed out to you, it's the same contract. Yes, Your Honor, it is the same contract, but it's different conduct. It's not the same conduct, Your Honor. The 2015 conduct was the fact that Grove did not pay commissions at all and that was actually affirmed by the court below. The 2016 was an entirely different set of facts in which Grove changed the way that it calculated commissions and the plaintiff complained that the way it changed it was not appropriate. And then, by the way, there was no allegation in either year that Grove was late paying either one. Counsel, can I just ask you very quickly, did the employee here know at the time that you had changed the formula you were going to use for the 2016 commissions? Is that in the record that he was aware of that? Yes, it is, Your Honor. Where is that in the record? You can tell us on rebuttal. I will try to find it, Your Honor, but it was widely discriminated around. Disseminated. Disseminated, thank you so much. So, Your Honor, our point here is that it is not enough that a plaintiff alleges a complaint as to one year as to wrongful conduct under a statute and then decides later, after the statute of limitations has expired, that it wants to add another year. That's what is not supposed to happen under the conduct transaction or occurrence test. Can I ask you another question, Counsel, before we run out of time? You had argued in your brief that Grove didn't owe the employee any commissions for 2016, but that's not what you argued below. I'm just wondering if you're sticking by that argument because it did seem waived to me based on your briefing at the district court. Yes, thanks for that question, Your Honor. And the answer arises out of the term commissions. Grove certainly paid money that was in excess of the base salary in 2016. It changed the way it calculated what that money was. Right, so you conceded below that you owed commissions, but you just used a different formula to come up with the absolute number. We conceded that the contract required the payment of commissions. What we didn't concede was that the amount of commissions that was due to the plaintiff was any particular amount because the plaintiff didn't demonstrate what amount was due to him. And that plaintiff has the burden of proving, as the judge below found, as to what his damages are under the Wage Act. So, in fact, I see I'm over time, I think. But the other point we wanted to make is that you can't harmonize what the judge did where she found on the one hand that he didn't demonstrate what wages were owed to him for 2016, right, in her order, but then turned around and ordered damages based on a number that Grove paid. Because Grove paid something, there's no doubt it did pay it, and it did call it commissions. But that doesn't mean it's the amount owed under the agreement. And this court, the First Circuit, has spent time and the lower courts have spent a lot of time looking into commissions agreements and trying to figure out what aspects of them are wages earned under the statute and what aspects of them are not. Judge Blow did that for 2015, but nobody did it for 2016. And that's why we say that it was an error for her to award damages for 2016. I'll try to find that site, Your Honor. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the appellee cross-appellant please introduce himself on the record to begin? Good morning, Your Honors. David Sommer for the appellee cross-appellant. With me today is Attorney Alan Meyerson. May it please the Court. Your Honors, there are two arguments properly preserved on appeal. Grove's argument concerning the relation back of the amended complaint and our argument concerning the amount of the late payment for 2016. All other arguments have been waived as pointed out by Judge Rickleman. Grove has attempted to argue that the 2016 commission was not a commission. They also attempt to argue that it wasn't paid late. In the district court below, however, they failed to argue these things. And, in fact, they actually admitted the precise opposite. And I actually have the citation. And this is in their post-trial submission ECF document 222 at page 25. And it's also attached as part of Mr. Trinidadi's addendum, page 40, whereby Grove states, and I'm quoting, there is no dispute that Grove paid no commissions in 2015 and paid them late in 2016. So they have always, that's always been their position. And their position has been that it's the relation back that creates a statute of limitations issue. Counsel, I saw that site that you had helpfully included. And that does seem to be an accurate representation of what the record said below. But I wanted to ask you about your argument that you're essentially owed double what the district court awarded for the commissions for 2016. Because tell me if you disagree with this. The way I understood the district court's reasoning is, and I'm just going to use other numbers, Grove paid you $100. You say, actually, we were owed $200. But according to the district court, there was no way for her to know whether you were owed $100, less than $100, or more than $100, because you yourself didn't introduce any evidence of the exact amount you were owed for 2016. So am I misunderstanding the district court's reasoning? You're correct stating the district court's reasoning. So why is that wrong? But if I can explain my reasoning, or our reasoning, rather. Judge Rickleman, we would suggest that the case law that's been developed by the Supreme Judicial Court, Sullivan v. Sleepy's, Summers v. Converged Access, and Dixon v. Malden, create a situation whereby an employer cannot make it so they determine that as to what a commission is, and then thereafter go back and say, oh, had we correctly calculated this commission, we would have done it differently. So that's essentially what they're doing here. In other words, they're saying that, oh, there's no dispute that they paid 7.5% based on Mr. Trinidad's sales. They didn't pay the 15% as required by the contract. But what they're saying is, and they've said this consistently, is that had we done it where we took all the deductions that we were allowed to take, and had we did all these other things, Mr. Trinidad would have been paid less than what we actually paid him right now. And that is inconsistent with Sullivan v. Sleepy's, Dixon v. Malden, Summers v. Converged Access. But isn't the problem that at the trial, there was a trial, you had the burden of proof, and you didn't put in any proof to show under the very complicated formula that was in the contract what would have been deducted, and therefore that you were owed a particular amount, right? You didn't put in any evidence of what the contract formula would have required in 2016, is that right? Right, and to be fair, we didn't have the ability to get that evidence. But you're correct. But all we had to show was that Grove paid 7.5% when they should have paid 15%. 7.5% of what? I think that's the problem, right? What number are we looking at? And you didn't go through and talk about all the things that would have been required to be deducted under the language of the contract. Well, it's a 7.5% commission based on his sales, and I understand it's based on his sales minus all of these things. But what we are saying is that there's a whole line of cases, and there's no case directly on point, but I would suggest the reasoning is the same, whereby an employer can't say, well, had we calculated things a different way, the employee would have gotten paid less, and that's precisely what Grove is saying here. And the district court below just saying that we couldn't prove all the deductions, I don't think we have to prove all the deductions. Clearly they used that 7.5% number, whereas under the contract they were supposed to use the 15% number. The fact that their $146,000 that they arrived at was based on the 7.5% number, they can't thereafter go back and say, well, we should have calculated it differently, and had we known we were going to be held to the 15%, we would have calculated it differently, and we would have taken more deductions. There are actually parts of the testimony below whereby the Grove employees testified that they didn't always take all the deductions, that there were times when they didn't take all the deductions in an effort to make sure that employees got a commission. So in this case, in 2016, that's precisely what they did. They didn't have the ability to unilaterally say, we're just going to give Mr. Trinidad a 7.5% commission. They didn't take all the deductions, but Mr. Trinidad didn't have to prove all the deductions. That's how they calculated it for 7.5%, and Mr. Trinidad, it would have been due another 7.5% had they followed the terms of the contract, which required a 15% commission based on his sales. That was on our cross-appeal. Could you spend a minute on the relation back issue? I thought it had been conceded in the briefs to us that our standard of review was abuse of discretion. I think, well, I don't know if it's been conceded. It's certainly our position, Judge Lynch, that it is absolutely abuse of discretion standard. With respect to the relation back, there is the, and the Morrell case is the case that I think provides the language concerning the one-way ratchet, where the court says that the federal rules cement in place a one-way ratchet. Less restrictive state relation back rules will displace federal relation back rules, but more restrictive state relation back rules will not. That is the precise standard that the district court followed. That is absolutely correct with respect to a case that is a pure diversity case, as this case is. This case involves state law claims exclusively, and it was solely in the district court based on diversity. If I can make a couple of other points regarding relation back. Because we look to Massachusetts state law, under Massachusetts state law, and this is, I'm citing the Passati v. Eagle manufacturing case, which is cited in our brief, and I believe that's a First Circuit case, the First Circuit said that once the court allows an amended complaint under Massachusetts state law, the relation back is automatic. So, and frankly, the suggestion with respect to Grove, that we have to look to the statute of limitations issue and all these other things, I don't understand why that would be the case, because there would be no reason for relation back, that's the whole purpose behind it. The whole purpose behind relation back is that, to allow an amended complaint to relate back to the filing date of the filed complaint. Counsel, I thought that the Massachusetts provision that you're talking about really just says that relation back needs to be figured out at the time of the amendment. Well, I don't think that's the, right, so I think what you're suggesting is that, if the court, I think you're maybe looking at or considering the Weber case, where the court said that it didn't allow an amendment, but I believe that once the court allows the amendment, the relation back is automatic. So, in other words, the court can look, for example, in the Weber case, which is a Massachusetts case, I think the citation is 752 Northeast 2nd at 703. In that particular case, there was actual prejudice that the court found because the plaintiff moved to amend their complaint on the last day of trial. And the court didn't allow the amendment in that particular case, and of course, then there was no relation back. I think I'm, what I'm asking, so I was looking, I thought you were citing to Massachusetts general law, 231 section 51, which talks about amendments as to parties and says in all civil proceedings, the court may at any time allow amendments, et cetera, et cetera, and then at the end it says, any amendment allowed pursuant to this section or the rules of civil procedure shall relate to the original pleading. Isn't that what you were just referencing about the, if an amendment is allowed, there's automatically relation back? Right. But is this, you know, this seems to be a procedural rule in Massachusetts. Is this part of the substantive law of relation back that we're supposed to be applying? Well, I think it is part of the substantive law because that's what the courts have been applying. The courts have been applying that rule consistently. I'm sorry, go ahead. But implying it in Massachusetts, and I believe the First Circuit in Posadi versus Eagle Manufacturing also found that once the amendment's allowed, it automatically relates back to the original filing. Just one more question. Do you think you can win if the standard is actually just conduct, transaction, or occurrence? Let's put aside an amendment automatically qualifies for relation back under Massachusetts law. What if we're just trying to figure out if your 2016 wage act claims are part of the same conduct, transaction, or occurrence? Yes. Can you address that? I do, and I think actually Judge Lynch stole my thunder when she was reading the page 15 of the decision, whereby the district court says the wage and commission payment practices were the entire subject matter of the first complaint. I don't think there's any, I did not see any cases where any court has ever said, well, I don't think there's any case where the district court has ever said, well, if you have a wage act claim, you have to make it specific for one specific period, and thereafter, we could have filed a wage complaint that didn't specify any particular period, and it would cover the entirety of the time that he worked there. There's no case law that says, well, you have to bring a claim for 2015 wages, and then you also have to bring a separate claim for 2016 wages. This is the exact same conduct, which was inappropriate payments of commissions that he had brought in his original complaint, and I think that's what the district court found. I just wanted to make one more point regarding the relation back argument. And that is that, as I was mentioning before, cases like Sullivan v. Sleepy's, and this whole line of cases, Dixon v. Malden and Summers v. Converged Access, they don't provide a safe harbor for an employer to say, well, we would have paid more money had we done things differently. And if you look at, this is in a long line of cases, the Massachusetts legislature has indicated that the wage act is supposed to be more of a stick than a carrot for employers, right? It can be putative, but that's just the nature of the statute. Thank you. Thank you, counsel. The next speaker, would the appellant please reintroduce himself on the record for a three-minute rebuttal? Yes, thank you. Irwin Schwartz on behalf of Grove Services, Inc., and Victor Spivak, and Judge Rickleman, I apologize, I left my notes in the lectern here, so I'm not able to find that site for you yet, but I hope you'll let me submit it after the hearing. I'd like to start, though, addressing this discretion standard that Judge Lynch raised, because I would point the court to the decision in Young v. LaPone that we cited in our brief. And I would suggest, Your Honor, that the same standard applies here, which is you're looking at two complaints, and you're making a decision as to whether the conduct that's alleged in the second one... I don't see why this case is relevant. Well, because, Your Honor, it used the de novo standard for... I know, it used abuse of discretion, and then probably viewed the question of identity of the parties as a legal question. Yes. And that's not what is going on here. Well, Your Honor, I would respectfully disagree, because I believe that what's going on here is a comparison of two complaints. The first complaint being, obviously, the 2015 claim, and the second complaint being the 2016 and 14 and 13 claims. So I respectfully disagree, Your Honor. I think the court should apply a de novo standard in reviewing those two complaints. And I'd also suggest that what the court below did was actually make a legal finding that, based on those complaints, that there was notice, based on the language that Your Honor previously read, which also is properly reviewed on a de novo basis. But if I may, I'd like to turn to the question about the 2016 commissions that was raised in the reply, or the opposition argument. What Grove agreed to, and I would urge the court to read to the next page of the section that Mr. Summer just referred to, is that it calculated the commissions using a different formula. It did not contest that it paid something, and it did not contest that the parties considered them commissions, but Grove never conceded that that calculation was done under the agreement, and the obligation to pay wages arises under the agreement. We just heard, under Judge Rickleman's questioning, that they agreed that they never demonstrated what was due under the agreement for 2016. And so, and by the way, so did the court find, which is why we say that there's an error of law in the court awarding damages, even though the court found that there was a failure of proof of damages. I'd like to also talk about the Posadi case, which we just heard about a little bit. Perhaps it doesn't matter, but if you read the case, you realize that the First Circuit rejected the interpretation that the Massachusetts statute required a decision on the statute of limitations at the time of the proposed amended complaint, and affirmed the lower court in that approach to hold on and decide that later. I see my time is up, but I'm happy to answer any other questions. Thank you all for your attention.